COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Overton
Argued at Richmond, Virginia


RENEE AGARD
                                   MEMORANDUM OPINION[*] BY
v.          Record No. 1247-97-2   JUDGE NELSON T. OVERTON
                                        MARCH 10, 1998
ANTHONY L. THOMPSON, A MINOR,
 BY CLAY B. BLANTON, GUARDIAN AD LITEM


            FROM THE CIRCUIT COURT OF CHARLES CITY COUNTY
                    Samuel T. Powell, III, Judge

            (Renee Agard, pro se, on brief).

            (Clay B. Blanton, Guardian ad litem, on
            brief) for appellee.[1]


     Renee Agard appeals the refusal of the circuit court to

sever her parental rights to her son, Anthony L. Thompson

(hereinafter "Anthony").  Because we find no error, we affirm.

     According to the parties' statement of facts, Anthony ran

away from home on August 2, 1995 to the home of his grandmother

and aunt.  He left because he was frequently beaten by his

stepfather, Walter Agard.  Ms. Agard knew of the beatings and yet

did nothing to stop them.

     As a result of this abuse, Anthony was placed in the custody

of Charles City County Social Services and later his aunt and

grandmother.  Walter Agard was convicted of assault and battery

in connection with the beatings.  Ms. Agard moved the Charles

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Both parties waived oral argument.  Therefore, we have
decided the case on the briefs and the record.

City County Juvenile and Domestic Relations District Court to terminate her parental rights to Anthony due to her fear of Anthony, the strain her husband's incarceration placed upon her marriage and the financial constraints of her family. Both the juvenile and circuit courts denied her request on the grounds that Anthony still showed affection for his mother, and he was no longer in her custody.

> "Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below. Where, as here, the court hears evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."

Martin v. Dep't of Soc. Services, 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986) (quoting Simmons v. Simmons, 1 Va. App. 358, 361, 339 S.E.2d 198, 199 (1986)). On the spare record before us, we cannot say the court's conclusion, that the best interests of the child are served by preserving the ties between him and his mother, is either plainly wrong or without support. Accordingly, we affirm.

Affirmed.